IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:25-CV-137-BO-KS

YVETTE MARCH,                          )
                                       )
      Plaintiff,               )
                                       )
v.                                     )            O R D E R
                                       )
CAROLINAEAST HEALTH SYSTEMS            )
                                       )
      Defendant.               )

This matter comes before the Court on defendant's motion to dismiss for failure to state a claim. [DE 11]. Plaintiff has responded in opposition [DE 18] and defendant has replied [DE 20]. In this posture, the motion is ripe for ruling. For the following reasons, defendant's motion to dismiss is granted.

## BACKGROUND

Plaintiff is a 57-year-old African American woman domiciled in Craven County, North Carolina. [DE 1, ¶¶ 5, 11]. CarolinaEast Health System, a healthcare provider, hired plaintiff on June 6, 2022, as a financial counselor. *Id.* at ¶¶ 6, 10.

While employed at CarolinaEast, plaintiff claims she was treated in a discriminatory manner when compared to her younger, white colleagues. *Id.* at ¶¶ 11, 16. Specifically, she claims that she received inadequate training during her employment, was denied salary increases, and experienced a hostile work environment. *Id.* at ¶ 12. On June 26, 2023, plaintiff submitted a formal complaint to human resources. *Id.* at ¶ 13. Following that complaint, plaintiff claims she endured increased discipline, isolation, and denial of resources and support. *Id.* at ¶ 14. Plaintiff was

suspended in November 2023 and her employment was terminated on December 7, 2023. *Id.* at ¶ 15.

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) claiming discrimination and retaliation based on her race and age. *Id.* at ¶ 7. The EEOC issued a right-to-sue notice to the plaintiff on April 30, 2025. *Id.* at ¶ 8. Plaintiff asserts three claims: (1) race discrimination in violation of Title VII, (2) retaliation in violation of Title VII, and (3) age discrimination in violation of the Age Discrimination in Employment Act (ADEA). Defendant moved to dismiss and attached a copy of the charge of discrimination plaintiff filed with the EEOC. [DE 11]; [DE 12-2]. The charge is dated June 6, 2024. [DE 12-2, p. 2].

## DISCUSSION

A 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the complaint's legal and factual sufficiency. *See* Fed. R. Civ. P. 12(b)(6). The focus is on the pleading requirements under the Federal Rules, not the proof needed to succeed on a claim. "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). This standard does not require detailed factual allegations, *id.*, but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Nadendla v. WakeMed*, 24 F.4th 299, 305 (4th Cir. 2022) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). For a claim to be plausible, its factual content must permit the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

2

"To challenge an alleged unlawful employment practice under Title VII or the ADEA, a plaintiff must first file a timely charge with the EEOC." *Bratcher v. Pharm. Prod. Dev., Inc.*, 545 F. Supp. 2d 533, 538. (E.D.N.C. 2008) (citing 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d)). The EEOC charge must be filed within 180 days after the alleged unlawful employment practice occurred. 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d). "If an individual fails to file an administrative charge with the EEOC within one hundred eighty (180) days after an alleged discriminatory act occurs (or three hundred (300) days if the aggrieved person presented the claim to a state deferral agency), then the EEOC charge is not considered timely filed." *Hentosh v. Old Dominion Univ.*, 767 F.3d 413, 417 (4th Cir. 2014).

While a court's evaluation of a complaint on the defendant's motion to dismiss is "generally limited to a review of the allegations of the complaint itself[,]" courts "may consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016). Plaintiff refers to her EEOC charge in her complaint [DE 1, ¶ 7], and does not dispute the authenticity of the EEOC charge attached to defendant's motion to dismiss [DE 12-1]. The Court may consider the contents of the EEOC charge without converting the instant motion to one for summary judgment.

The parties appear to agree that plaintiff had 180 days from the date of her termination to file a timely charge with the EEOC, and there is no indication plaintiff presented her claims to a state deferral agency. Plaintiff's employment was terminated on December 7, 2023. [DE 1, ¶ 15]. The 180th day after December 7, 2023, was June 4, 2024. Plaintiff filed her EEOC charge on June

3

6, 2024, two days later. It is apparent on the face of the complaint that plaintiff suffered no adverse action after December 7, 2023, and plaintiff's claims are therefore time-barred.

Plaintiff argues that "North Carolina law provides various equitable doctrines that can excuse minor delays in filing administrative charges." [DE 18, p. 3]. Plaintiff does not identify any such doctrine which she contends applies to her, and her causes of action do not arise under North Carolina law.

CONCLUSION

For the foregoing reasons, defendant's motion to dismiss [DE 11] is GRANTED. Plaintiff's motion for a new summons to be issued [DE 14] is DENIED as MOOT. The Clerk is directed to enter judgment in favor of defendant and close the case.

SO ORDERED, this 28 day of July, 2026.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4